IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST CO., ) successor in interest to COLONIAL BANK ) by asset acquisition from the FDIC as ) Receiver for Colonial Bank, ) ) Plaintiff, ) ) v. ) ) SOUTHERN LAND TRADERS, INC., ) and TODD B. CATON, ) ) Defendants. ) | Civil Action No.   2:14cv252-WHA (wo) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Summary Judgment (Doc. #14), filed by the Plaintiff on March 31, 2015.

The Plaintiff, Branch Banking and Trust Company ("BB&T"), filed a Complaint for Deficiency Judgment in this case on April 7, 2014.  The Complaint brings claims for breach of promissory note (Count I) and breach of guarantee (Count II).

Southern Land Traders, Inc. ("Southern") and Todd B. Caton ("Caton") (collectively "Defendants") filed briefs in opposition to the Motion for Summary Judgment, and attached evidence with their opposition,[1] to which BB&T has replied.

---

[1] Southern and Caton filed a response and filed an Amended Response.   The Plaintiff has urged the court not to consider the Amended Response because it was filed out of time.   Finding no prejudice to the Plaintiff with the Amended Response having been filed only one day late, and advancing only one additional argument, the court will consider the Amended Response. The court also does not agree that the Defendants' submissions violate the Federal Rule of Civil Procedure or this court's orders because they rely on documents not accompanied by an affidavit or supported by deposition testimony.

Upon consideration of the briefs and evidence in support of and in opposition to the Motion for Summary Judgment, and for the reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56 (c)(1)(A),(B).  Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).   On the other hand, the evidence of the nonmovant must be

2

believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a).

### III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movants:

In July of 2005, Southern executed a Commercial Promissory Note and Security Agreement with Colonial Bank, N.A. in the principal amount of $475,000.00 (Doc. #19-4).[2]

The obligation was secured by a real estate mortgage dated July 1, 2005, in the amount of $475,000.00. (Doc. #1-8).   The mortgage was recorded in November of 2005.   Southern subsequently executed renewal promissory notes, including a note for the principal amount of $463,703.00, which is dated November 1, 2006. (Doc. #15-3 at p.11).

Todd B. Caton ("Caton") executed a guarantee in favor of Colonial Bank, N.A., in which he guaranteed all debts owed to Colonial Bank, N.A. by Southern.   (Doc. #15-2 at p.3).

In August 2009, Colonial Bank, N.A. was closed and the FDIC was appointed as a receiver.   BB&T acquired assets of Colonial Bank, N.A., including the obligations at issue. Southern then executed two renewal notes.   In February 2011, Southern and Caton executed and

---

2 This document was provided by the Defendants.   No party has questioned its authenticity. The Plaintiffs' claims are based on the renewals of this note, Caton's guarantee, and the Forebearance Agreement.

3

delivered a Forebearance Agreement, extending the maturity date of their obligations to October 28, 2012 (Doc. #15-3 at p.5).

Southern defaulted by failing to pay BB&T the payments when they became due.  BB&T noticed a foreclosure sale, and the property was sold on August 16, 2013, to BB&T, the highest bidder, for $87,000.00.   BB&T states that the bid was 75% of the appraised value.

BB&T sold the property for the net price of $88,289.16 after acquiring it at foreclosure. BB&T credited the Defendants' debt for that amount, which was higher than the amount realized at foreclosure. BB&T provides evidence that the total due it as of March 27, 2015 is $393,516.30, for principal balance and interest, plus attorneys' fees and expenses.   (Doc. #15-3 at p.7).   BB&T states that it has incurred attorneys' fees and expenses of $17,209.43.[3]

## IV. DISCUSSION

The Plaintiff, BB&T, argues that it has established a prima facie case for enforcement of a promissory note against Southern and a guarantee against Caton.   The Plaintiff contends that neither Defendant has a valid defense to liability, or produced credible evidence disputing the amounts owed, and that it is entitled to judgment as a matter of law as to all counts in its Complaint and an award of $410,725.73, plus interest accruing from March 27, 2015 at a rate of $50.17 a day.

The Defendants acknowledge that they had a financial obligation and that "the instant Obligation went into a default status."   (Doc. #19 at p.3).   They also state they are unable to support a genuine dispute as to any material fact, "except for the note and guarantee documents." (Doc. #19 at p.4).   The Defendants have advanced three arguments in opposition to summary judgment based on documents:   one, that Caton's guarantee which has been provided by the Plaintiff is undated;   two, that the financial documents of the original loan have not been provided

---

[3] The Defendants do not dispute or otherwise address this amount.

by Plaintiff, except for the mortgage; and three, based on the documents provided, there is a $12,000.00 difference between the note executed on November 1, 2006[4] and the mortgage recorded on November 18, 2005.

With respect to Defendant's argument that Caton's guarantee is not dated, the Plaintiff argues that it is a signed agreement enforceable without a date, citing *Diamond v. Bank of Alabama*, 43 So. 3d 552, 563 (Ala. 2009) (stating that where loan documents are unambiguous, the legal effect is a question of law for the court).   The Plaintiff also points out that Caton has admitted in response to a Request for Admissions that he executed the guarantee (Doc. #15-2). As to the Defendants' argument that the original note has not been provided by the Plaintiff, the Plaintiff argues that it is entitled to enforce the obligations in the renewal notes.   The Plaintiff also contends that the Forbearance Agreement undisputedly executed by Southern and Caton entitles BB&T to recover a judgment.

The Forbearance Agreement, dated February 22, 2011, and provided by the Plaintiff, states that Southern and Caton are indebted to Colonial Bank under a Note Modification Agreement executed on July 28, 2010, and that the balance of the indebtedness is $415,054.55. (Doc. #1-7). The Forbearance Agreement also notes that the indebtedness is secured by a real estate mortgage granted on July 1, 2005. (Doc. #1-7).   Upon consideration of that agreement, the renewed promissory notes, the guarantee, and Caton's admission that he executed the signed guarantee, the court cannot agree with the Defendants to the extent they have argued that the Plaintiff has failed to discharge its burden in moving for summary judgment.   The Plaintiff has adequately supported that Southern was indebted to BB&T, and that Caton guaranteed Southern's indebtedness, and

---

4 The Defendants identify this note has having been executed on November 1, 2005 (Doc. #19 at p.3) but the Promissory Note for $463,703.00 is dated November 1, 2006.   (Doc. #15-3 at p.11).

there is no dispute that payments on the notes ended without fully discharging the obligations, causing default.

The only remaining issue, therefore, is the Defendants' argument that there is a question as to the amount owed because there is a $12,000 difference between the amount of the mortgage, $475,000.00, and the amount stated in the November 1, 2006 loan renewal, $463,703.00.   The court has before it in the summary judgment record, however, evidence of the original note dated July 1, 2005, which was for the principal amount of $475,000.00 (Doc. #19-4).   The Defendants explain that later loan renewals were for less than $475,000.00 because payments had been made which reduced the amount of the principal balance.   The evidence before the court, therefore, is that the mortgage and original note were for the same amount, $475,000.00.   Later renewals, which are not challenged by the Defendants, and the guaranty, established the amount of indebtedness of the Defendants at the time of default.   The court cannot conclude, therefore, that there is a genuine issue of material fact as to the amount owed precluding summary judgment in this case.

## V. CONCLUSION

For the reasons discussed, the Motion for Summary Judgment is due to be and is hereby ORDERED GRANTED.   A final judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 29th day of April, 2015.

/s/ W. Harold Albritton
W.   HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE